UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In Re Ex Parte APPLICATION OF PORSCHE AUTOMOBIL HOLDING SE FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | ) ) ) ) ) ) ) ) ) | Civil Action No. 19-mc-91129-LTS |

ORDER ON MOTION TO QUASH (DOC. NO. 21)

February 19, 2020

SOROKIN, J.

Respondents John Hanncock Advisors, LLC, John Hancock Investment Management Services, LLC, and John Hancock Life Insurance Co. (USA) (the Hancock Respondents) object to a Memorandum and Order[1] issued by Magistrate Judge Kelley, Doc. No. 60[2], allowing in part the application for discovery pursuant to 28 U.S.C. § 1782 brought by Petitioner Porsche Automobil Holding SE (Porsche), Doc. No. 62. For the reasons articulated by Judge Kelley and further discussed below, the Court ADOPTS Judge Kelley's Memorandum and Order (Doc. No. 60) and rules on the motion to quash as she recommends.

BACKGROUND

On April 9, 2019, this Court granted Porsche's ex parte application for an order pursuant to 28 U.S.C. § 1782 permitting discovery from the Hancock Respondents in connection with some 200 proceedings against Porsche in the Regional and Higher Regional Courts of Stuttgart and

---

[1] Although styled as a "Memorandum and Order," the parties treat the Order issued by Judge Kelley as a report and recommendation subject to review by this Court under Fed. R. Civ. P. 72. See Doc. Nos. 62, 69.

[2] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

1

Braunschweig brought by large investors in Porsche securities (the German actions). The German actions include a "Model Case" in Braunschweig, which is somewhat akin to class action litigation in the United States, in which common questions of law and fact applying to a majority (if not all) of the proceedings against Porsche in Germany will be decided. The Court's rulings as to the common questions of law and fact in the Model Case are binding on those other proceedings, which are stayed until final resolution of the Model Case. The German actions also include an individual action filed by the Hancock Plaintiffs in Stuttgart, in which the Hancock Plaintiffs have claimed damages of approximately €5.75 million. The Hancock Respondents, from whom Porsche seeks discovery, are general partners or investment managers of the Hancock Plaintiffs. They are not themselves parties to either the Model Case or to the action brought by the Hancock Plaintiffs.

Pursuant to this Court's ex parte order granting the § 1782 application, Porsche served subpoenas on the Hancock Respondents seeking documents and deposition testimony. The Hancock Respondents moved to vacate or modify the ex parte order and to quash or modify the subpoenas. Doc. No. 21. The motion gave rise to multiple rounds of briefing. Doc. No. 29 (Porsche's opposition); Doc. No. 36 (the Hancock Respondents' reply); Doc. No. 44 (Porsche's sur-reply); Doc. No. 52 (the Hancock Respondents' sur-sur-reply). This Court referred the matter to Judge Kelley. Doc. No. 31. Judge Kelley heard oral argument on September 17, 2019, Doc. No. 54, and issued her Memorandum and Order on November 6, 2019, Doc. No. 60.

The Hancock Respondents object to Judge Kelley's Memorandum and Order. Doc. No. 62. Porsche filed a response supporting it, Doc. No. 69, to which the Hancock Respondents replied. Doc. No. 77.

I.   LEGAL STANDARD

Recommendations from magistrate judges on dispositive matters under 28 U.S.C. § 636(b) require de novo review, while all other rulings or orders are subject to clearly erroneous review. Fed. R. Civ. P. 72(b) (As to dispositive motions, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Fed. R. Civ. P. 72(a) (As to non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Some case law holds that the final ruling on a discovery matter in a miscellaneous business docket matter such as this one qualifies as dispositive, In re Admin. Subpoena Blue Cross Blue Shield of Mass., Inc., 400 F. Supp. 2d 386, 389 (D. Mass. 2005) (Saris, C.J.), even though such a ruling made in the course of pretrial management of civil litigation does not, Fed. R. Civ. P. 72(a).

The Court assumes without deciding that Judge Kelley's Order is subject to de novo review.

II.  DISCUSSION

After de novo review of the record in this case, the Court ADOPTS Judge Kelley's thoughtful and comprehensive Order for the reasons she expressed and further discussed herein. The Court also notes that Judge Kelley applied the correct legal standard, properly weighed the various applicable statutory and discretionary factors, heard from the parties at length, considered the record as a whole, and made a well-reasoned application of the law to the facts.

Several further points bear mention. First, the Hancock respondents contend that Judge Kelley erred in concluding that the discovery was "for use" in the German actions, thereby

satisfying the second statutory requirement for discovery under 28 U.S.C. § 1782,[3] and that she erred in relying on a pre-2015 Supreme Court opinion, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) "as a framework for her analysis" regarding the relevance of the discovery sought. Doc. No. 62. The Hancock Respondents are wrong on both counts.

As to the first point, the Hancock Respondents contend that the Braunschweig Higher Regional Court has already ruled that the defenses Porsche seeks to advance—and for which it seeks the discovery that is the subject of its § 1782 application—are not legally cognizable, so that discovery is "irrelevant as a matter of law." Doc. No. 62 at 12. Not so. The Hancock Respondents disregard both the fact that the German court's ruling on Porsche's defenses was only preliminary—which their own German law expert acknowledged, see Doc. No. 23 ¶ 15 (referring to the German court's findings as "preliminary in nature only and not final")—and that in issuing its preliminary order, the German court specifically invited the parties to submit "practical examples demonstrating the effect of accounting for related transactions" so as to "inform the Higher Regional Court's continued consideration of the questions [raised by Porsche's defenses] moving forward." Doc. No. 70-2 ¶¶ 17, 20. And, contrary to the Hancock Respondents' contention that Porsche is improperly seeking discovery from individual class members, who have the right to remain passive (Doc. No. 62 at 20-21), the practical examples sought by the German

---

[3] Section 1782(a) provides that a federal district court may order a person residing or found in the district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal, upon the application of any interested person. 28 U.S.C. § 1782(a); Intel Corp. v. Advanced Micro Device, Inc., 542 U.S. 241, 246 (2004). Thus, to obtain discovery under § 1782, as a preliminary matter, a petitioner must meet three statutory requirements: (1) the order must be issued by the district court of the district in which the respondent resides or is found; (2) the discovery must be for use in a proceeding in a foreign or international tribunal; and (3) the application must be made by an interested person. Chevron Corp. v. Shefftz, 754 F. Supp.2d 254, 260 (D. Mass. 2010). The first and third statutory factors are not in dispute.

4

court will inform its view of Porsche's damages defenses in all of the cases bound by the ultimate rulings in the Model Case.

As to the second point, Judge Kelley did not err in citing a Supreme Court opinion that pre-dates the amendment to Rule 26 of the Federal Rules of Civil Procedure. Leaving aside how the 2015 amendment may have altered the applicable standards under Rule 26, Judge Kelley correctly found that the requested discovery was "clearly relevant" to Porsche's damages defenses, which is consistent with the language of Rule 26 in its amended form. Doc. No. 60 at 12; Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.").

To the extent the Hancock Respondents contend that the discovery Porsche seeks violates Rule 26's proportionality requirement, see Doc. No. 62 at 16-18, Judge Kelley agreed, finding that the definition of "relevant securities"—a term that attaches to all of Porsche's requests for documents and deposition testimony—is overbroad and unduly burdensome, Doc. No. 60 at 20. She therefore properly ordered the parties to confer concerning a narrowed definition of 'relevant securities' and "strongly encourage[d] the parties "meet and confer in an effort trim any remaining fat' off the subpoena requests for both document production and 30(b)(6) depositions, and 'narrow[] custodians and search terms for retrieval of electronically stored information where possible." Id. at 21, 25 (quoting In re Porsche Automobil Holding SE, 15-mc-417 (LAK), 2016 WL 702327, at *10 (S.D.N.Y. Feb. 18, 2016)). Judge Kelley also noted that "given the importance

5

of its investment strategies to the Hancock respondents' business, the court will not approve a final discovery order until the parties provide a strict confidentiality order," id., thereby protecting the interests of the Hancock Respondents in their sensitive competitive information.

III.  CONCLUSION

Accordingly, the Court ADOPTS Judge Kelley's Memorandum and Order (Doc. No. 60). The Hancock Respondents' motion to vacate or modify the Court's ex parte order permitting discovery and to quash or modify the subpoenas (Doc. No. 21) is GRANTED in part to the extent and subject to the conditions expressed in Judge Kelley's Order (Doc. No. 60) and is otherwise DENIED.

This matter remains referred to Judge Kelley for all purposes.

SO ORDERED.

    /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge