UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
In Re Ex Parte APPLICATION OF PORSCHE )
AUTOMOBIL HOLDING SE FOR AN ORDER )
PURSUANT TO 28 U.S.C. § 1782 GRANTING )
LEAVE TO OBTAIN DISCOVERY FOR USE ) Civil Action No. 19-mc-91129-LTS
IN FOREIGN PROCEEDINGS )
)
)

ORDER ON MOTION TO INTERVENE (DOC. NO. 66)

February 19, 2020

SOROKIN, J.

On November 6, 2020, Magistrate Judge Kelley issued a Memorandum and Order resolving the Hancock Respondents' motion to quash discovery sought by Porsche under 28 U.S.C. § 1782. Doc. No. 60.[1] Although issued as a decision, the Hancock Respondents, represented by skilled and sophisticated counsel, filed objections to the Memorandum and Order asserting, inter alia, that Judge Kelley lacked authority to resolve the motion to quash conclusively and that the Memorandum and Order was subject to this Court's de novo review. Doc. No. 62 at 11. The Court's issued its ruling on those objections today in a separate Order. Doc. No. 87.

After Judge Kelley issued her decision and stayed the discovery she had authorized pending resolution of the objections by this Court, Doc. No. 65, a group of different Hancock entities—John Hancock Worldwide Investors PLC and Craig Bromley, who are affiliates of the Hancock Respondents and are plaintiffs in pending actions against Porsche in Germany (the Hancock Plaintiffs)—sought to intervene in this action on the grounds that their presence as co-

---

[1] Citations to "Doc. No. \_\_" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

1

respondents would have altered the analysis and outcome of Judge Kelley's Order on the Hancock Respondents' motion to quash. Doc. No. 66. The Hancock Plaintiffs are represented by the same sophisticated counsel representing the Hancock Respondents. See id. Porsche opposed, Doc. No. 74, and the Hancock Plaintiffs replied, Doc. No. 82.

In a meticulous and thorough opinion issued on February 3, 2020, Judge Kelley denied the Hancock Plaintiffs' motion to intervene. Doc. No. 83. The Hancock Plaintiffs timely filed their objections. Doc. No. 86.

Assuming without deciding that denial of a motion to intervene constitutes a ruling on a dispositive matter, see, e.g., P.R. Land & Fruit, S.E. v. Municipio De Culebra, No. 09-2280, 2019 U.S. Dist. LEXIS 20203, at *3 (Jan. 20, 2019 D.P.R.) (adopting report and recommendation on motion to intervene without addressing standard of review), the Court reviews Judge Kelley's opinion de novo.

After de novo review of Judge Kelley's Memorandum and Order, Doc. No. 83, which the Court treats as a Report and Recommendation, the Court ADOPTS Judge Kelley's opinion and DENIES the motion to intervene, Doc. No. 66. Her meticulous and through analysis is correct. Because the Court adopts as its own Judge Kelley's cogent explanation of the grounds of her denial of the motion to intervene, repetition of those grounds is not warranted. That said, two further points bear mention.

The Hancock Plaintiffs argue they seek intervention because their status as parties would have altered the analysis applicable to the Hancock Respondents' motion to quash discovery sought by Porsche under 28 U.S.C. § 1782 in two ways: (a) it would have altered the analysis regarding the first discretionary factor set forth by the Supreme Court in Intel Corp. v. Advanced Micro Device, Inc., 542 U.S. 241 (2004) because, the Hancock Plaintiffs argue, "a discovery

2

target's status as a party to a foreign proceeding with the foreign court's jurisdictional reach weighs against granting a [§] 1782 application," and (b) it would have tipped the balance in favor of granting reciprocal discovery. Doc. No. 67 at 2. The Court finds neither argument persuasive.

As to the first Intel factor, the intervention of the Hancock Plaintiffs in this proceeding would not alter the fact that Porsche is seeking discovery from the Hancock Respondents, who are not parties to the German Actions. Nor would the Hancock Plaintiffs' intervention affect "the critical question" under the first Intel factor to which Judge Kelley pointed in her opinion on the motion to quash, namely "whether the information targeted is within the foreign tribunal's jurisdictional reach." Doc. No. 60 at 14. The Hancock Plaintiffs—like the Hancock Respondents before them—have not addressed whether the information sought by Porsche would be within the German court's jurisdictional reach. See generally Doc. Nos. 86, 67, 77. On the record before the Court, it is not.[2] Even if it were, that would not alter the fact that the discovery Porsche seeks is from the Hancock Respondents, not the Hancock Plaintiffs. The Hancock Plaintiffs' argument for intervention therefore fails as to the first Intel factor.

Their argument as to reciprocal discovery also fails, and again for reasons Judge Kelley expressed in her opinion on the motion to quash. As she explained, the Hancock Respondents

---

[2] The Hancock Plaintiffs, like the Hancock Respondents before them, complain that Judge Kelley misunderstood their counsel's statement at the hearing on the motion to quash when, referring to a statement made by counsel for the lead plaintiff in the German Model Case, he said that the lead plaintiff "does not have [the discovery Porsche seeks]." Doc. No. 86 at 13 n.6 (citing Doc. No. 55 at 49:15-20); Doc. No. 62 at 19 (same). The Hancock Plaintiffs and Respondents argue that counsel for the lead plaintiff in the German Model Case was talking only about the lead plaintiff, not about the Hancock Plaintiffs. Doc. No. 86 at 13 n.6; Doc. No. 62 at 19. But they ignore that their counsel also reported that counsel for the lead plaintiff in the German Model Case said he did not think "anyone has [the discovery Porsche seeks]." Doc. No. 55 at 49:20. At the very least, neither the Hancock Plaintiffs nor the Hancock Respondents have shown that the discovery Porsche seeks by way of its § 1782 application is within the German Court's jurisdiction—a factor, as Judge Kelley explained, that weighs in favor of denying the motion to quash. Doc. No. 60 at 14.

3

"fail to indicate whether any of the evidence they seek is within the district." Doc. No. 60 at 27. The Hancock Plaintiffs have not cured this failure. See generally Doc. No. 86. Judge Kelley further explained that the Hancock Respondents "seek a myriad of documents and deposition testimony, without specifying the purpose this discovery serves." Doc. No. 60 at 27. Again, the Hancock Plaintiffs have not cured this failure. See generally Doc. No. 86.

Neither in their motion to intervene nor in their objection to Judge Kelley's denial of that motion do the Hancock Plaintiffs address any of the above concerns. See generally Doc. Nos. 66, 82, 86. Their intervention, therefore, does not alter the analysis on the motion to quash, nor do the reasons they advance warrant intervention.

CONCLUSION

Accordingly, the Court ADOPTS Judge Kelley's Memorandum and Order (Doc. No. 83) and DENIES the Hancock Plaintiffs' motion to intervene (Doc. No. 66). In so doing, the Court notes that despite ample opportunity to do so, the Hancock Plaintiffs have not sought to intervene prospectively—that is, to participate in the execution of Judge Kelley's Order on the motion to quash.

This matter remains referred to Judge Kelley for all purposes.

SO ORDERED.

      /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge